## BACK *a.* CRUSSELL.

*Supreme Court, First District; General Term, September,* 1855.

ORDER OF PUBLICATION.—" FORTHWITH."—TITLE UNDER FORE-
CLOSURE.

A delay to deposit in the Post Office a copy of the summons and complaint in fore-
closure, pursuant to an order of publication against an absent defendant, for fifteen
days after the granting of the order, is an irregularity which affects the title ; and
a purchaser will be°relieved from his purchase therefor.

Appeal from an order of the special term requiring a pur-
chaser at a foreclosure sale to complete the purchase.

This was an action for the foreclosure of a mortgage. Judg-
ment of foreclosure and sale having been entered, the premises
were offered at public sale, and were struck off to James Rida-
bock. The purchaser afterwards raised objections to the title,
founded on alleged irregularities in the, proceedings in the
action. The principal objection was that the court never ac-
quired jurisdiction of Charles Brown, made a defendant as a
judgment creditor, by reason that the order of publication ob-
tained by the plaintiff against him did not direct the deposit
of the summons and complaint in the post office, to be made
*forthwith*, and that in fact it was not made until fifteen days
after the order was granted.

On motion of the plaintiff, the plaintiff was ordered at special
term to complete his purchase. From this order he appealed.

*L. B. Shepard*, for appellant. I. The Code (§ 135) requires
that an order of publication shall direct a copy of the summons
and complaint to be *forthwith* deposited in the post office.

II. In point of fact the deposit was not not made *forthwith*.
" Forthwith," in legal proceedings means within twenty-four
hours. (Sampson *v.* Henderson, 1 *Moody & M.*, 300.)

III. The right to proceed by publication against a non-resi-
dent being derived from the statute alone, must be strictly
pursued. (Brisbane *v.* Peabody, 3 *How. Pr. R.*, 109.)

IV. The purchaser at a master's sale has a right to a title

which is good both at law and in equity. (Mowatt *v.* Mowatt, 2 *Paige* 586; Jackson *v.* Edwards, 22 *Wend.* 509.)

*Stephens & Hoxie* for respondent.

MITCHELL, J.—A judgment creditor in this action for the foreclosure of a mortgage was made defendant. Being a non-resident, an order of publication was obtained against him. It was granted October 24, 1854, and directed the copy of the summons to be deposited in the post office, but did not say "forthwith." The deposit was not made until November, 1854. If this order could be construed as implying that the deposit should be made as the Code requires "forthwith," the delay from the 24th of October to the 9th of November, was too great to be considered consistent with the law requiring a deposit forthwith. In the meanwhile, the defendant might have changed his residence, and the direction to him have been incorrect, and the plaintiff might have advertised against him fifteen days, and taken so much time from the time after the deposit for the defendant to appear, as the default is to be entered twenty days after the publication in the newspapers is completed without reference to the time of deposit in the mail.

The judgment is so far irregular that the purchaser at the sale is not bound to take. The judgment at special term requiring him to complete the purchase is reversed without costs, and he is in other respects to have such order as results from this reversal, to be settled by one of the judges of the court.